UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDY ALEXANDER,

        Plaintiff,

v.                                                        Case No. 18-C-867

ALAN POTTS, et al.,

        Defendants.

## ORDER

Plaintiff Randy Alexander, who is currently representing himself and serving a state prison sentence at Green Bay Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983. On February 1, 2019, Alexander filed a letter with the court, stating that the defendants are refusing to comply with his discovery request by not providing copies of his medical records. He indicates that the defendants would not provide him copies of his medical records because he is approved for a legal loan and should be able to purchase psychological and medical records with his legal loan.

The court is not required to order that a defendant subsidize the litigation of prisoners or indigent litigants. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) ("[A] prisoner has no constitutional right to subsidy to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund."); *Goodvine v. Gorske*, No. 06C0862, 2010 WL 3743522, at *2 (E.D. Wis. Sept. 22, 2010) (declining to compel defendants to produce copies of plaintiff's medical file because plaintiff had been granted access to the file); *Stewart v.*

*Barr*, No. 05-C-293-C, 2005 WL 6166745, at *2 (W.D. Wis. Nov. 30, 2005) ("[D]efendants have no obligation to provide plaintiff with free copies of his medical records.").

Alexander has failed to advise the court as to how many pages of his medical records he wants copied or why. Depending on his health history, his medical file could contain hundreds or even thousands of pages that have little or nothing to do with his claim. To shift the cost of producing such records to the defendant in every case in which an indigent inmate asserts a claim involving his medical care would be unreasonably burdensome. The court will not compel the defendants to pay for an indefinite number of copies, as Alexander has reasonable access to his medical records where he can review the documents and take notes of those records that are relevant to his claim or use his legal loan to obtain the copies. Like any other civil litigant, Alexander must decide whether and how to spend his own funds or funds from his legal loan account on the discovery process to advance his claims.

**IT IS THEREFORE ORDERED** that Alexander's request to compel the defendants to provide him copies of his medical records is **DENIED**.

Dated this   4th   day of February, 2019.

             s/ William C. Griesbach
             William C. Griesbach, Chief Judge
             United States District Court